# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARDOCHE OLIVIER ]<br>    Plaintiff, ]<br>    ]<br>v. ]<br>    ]<br>MONTGOMERY COUNTY, et al. ]<br>    Defendants. ] | NO. 3:17-cv-00030<br>JUDGE CRENSHAW |

## M E M O R A N D U M

The Plaintiff, proceeding *pro se*, is a resident of Clarksville, Tennessee. He brings this action against Montgomery County and f/n/u Claiborne, a Judicial Commissioner in that county, seeking damages.

On September 21, 2016, the Plaintiff was arrested for driving with a suspended license. He alleges that Judicial Commissioner Claiborne violated his rights by allowing him to be arrested "without a valid warrant" and for failing to provide him with an attorney at his bail hearing.

Judicial officers enjoy absolute immunity from monetary claims for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). In this regard, it appears that Judicial Commissioner Claiborne was acting within the scope of his jurisdiction when he allowed the Plaintiff's arrest and would not appoint him counsel. Therefore, the Plaintiff has failed to state a claim against this defendant for which relief can be granted.

Montgomery County is the remaining defendant in this action. In order for Montgomery County to be held liable, the Plaintiff must allege and prove that his constitutional rights were

1

violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the Complaint. As a consequence, the Plaintiff has failed to state a claim against this defendant as well for which relief can be granted.

When a Plaintiff proceeding as a pauper has failed to state a claim, the Court is obliged to dismiss his Complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

WAVERLY D. CRENSHAW, JR.
United States District Judge